James L. ASSELTYNE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 22175.

United States Court of Appeals Ninth Circuit.

Dec. 11, 1968.

Jerry E. Berg, San Jose, Cal., for appellant.

Wm. M. Byrne, U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Crim. Div., Henry J. Novak, Jr., Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, CARTER and HUFSTEDLER, Circuit Judges.

PER CURIAM:

This is an appeal from appellant's conviction of robbing a national bank. (18 U.S.C. § 2113(a).) The only error asserted is the insufficiency of the evidence to establish an intent to commit the crime.

There is no doubt as to the sufficiency of the evidence, physical and otherwise, to prove the appellant committed the crime. He was identified by eyewitnesses as the person who presented a note to the bank teller demanding the money, stating that it was a hold-up and that he had a gun. Appellant's fingerprints were found on the note. Appellant left the bank, discarded his sun glasses and a brief case, and when an officer of the bank saw the appellant in the vicinity and shouted "Stop, Robber, Help," appellant fled and hid.

 Appellant's wife asserted appellant had been drinking prior to the incident, and that she had "pushed him" for a divorce. His attorney points to appellant's asserted lack of memory of the events on the day of the hold-up (from 9:00 A.M. to 2:00 P.M. only of that day) and previous psychiatric treatment, to establish that at the time of the robbery, appellant could have had no specific intent to rob the bank.

This presents a question of fact, not of law. Two psychiatrists examined appellant prior to trial and found him presently sane. One testified the appellant "had the ability to form the requisite specific intent to commit the crime" charged and was legally sane during the robbery (R.T. 18). The second psychiatrist was engaged in other pursuits at the time of trial, and did not testify, but his report had been previously filed with the court. This psychiatrist pointed out the appellant's "very selective memory loss" could be due to "a conscious denial, or to an unconscious emotional conflict." He pointed out that "planning and premeditation had taken place antecedent and directed to the commission of the offense"; that "a toy gun" had been purchased to simulate the "weapon"; the "hold-up note" had been printed; the hold-up was "orderly"; the appellant did not appear "dazed" nor was his conduct "bizarre"; that after the hold-up he "ran away," and attempted to escape and to conceal himself; that these facts all show "he had an understanding of the nature and quality of the act, and the likelihood of incurring criminal sanctions were he apprehended." The doctor then concluded "these circumstances demonstrate that the appellant understood the legal circumstances he was in and was not demonstrating automatic behavior or state of clouded consciousness which might be secondary to either brain disorder or severe emotional conflict."

The trial judge, considering the above testimony, and the arguments advanced on behalf of appellant, found appellant had the capability of forming the specific intent to rob the bank (R.T. 202–03); and that appellant had done so, and stated his reasons for this conclusion.

We agree with that holding, but whether we did or did not, on this question of fact, we would be required to affirm the judgment of conviction, which we do.